NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| PETER F. SPRAGUE, | |
| Plaintiff, | Civ. No. 99-5571 (GEB) |
| v. | |
| | **MEMORANDUM OPINION** |
| MEDICAL WORLD COMMUNICATIONS, INC., *et al.*, | |
| Defendants | |

**BROWN, District Judge**

This matter comes before the Court upon plaintiff's Motion for Supplemental Attorneys' Fees and Costs. The Court has considered the parties' submissions without oral argument pursuant to Fed. R. Civ. P. 78 and for the reasons discussed below, plaintiff's motion is granted in part and denied in part.

**I.      BACKGROUND**

On November 3, 2002, the Court heard oral argument on plaintiff's first motion for attorneys' fees and costs pursuant to 31 U.S.C. § 3730(d) and subsequently awarded plaintiff $240,635.38. The parties are fully familiar with the factual and procedural history of this case and thus, in the interest of convenience, the Court incorporates its January 16, 2004 Memorandum Opinion for the relevant background of this case.

In the instant motion, plaintiff seeks the sum of $61,143.81 in attorneys' fees and costs incurred from September 1, 2003 through March 29, 2004 in connection with the initial fee

petition and the preparation of and reply on the instant motion.[1]  Defendant contends that plaintiff's motion should be denied in its entirety, and states, in the alternative, that any supplemental fee award should be limited to $21,123.55.

The parties dispute the original amount that was actually requested in the initial fee petition.  As the Court noted in its January 16, 2004 Memorandum Opinion ("Mem. Op."), plaintiff adjusted the requested amount to account for an error in a billing adjustment; thus the Court will consider $317,461.55 as the actual request, rather than $348,709.94.  Mem. Op., p. 3 fn.1.[2]

By letter dated March 3, 2004, plaintiff's counsel withdrew the portion of the instant motion in which he sought to have this Court compel defendant Medical World's payment of the initial fee award; plaintiff's counsel received a check from Medical World in the amount of $240,635.38 on February 27, 2004.  Thus, the only issue before the Court is plaintiff's request for supplemental attorneys' fees and costs.

---

[1] Plaintiff originally sought $53,052.31 in this supplemental request; however, he has revised his request to include fees for time spent drafting the reply on the instant motion and therefore seeks a supplemental award in the amount of $61,143.81.

[2] The Court is cognizant of the fact that plaintiff's initial fee request was reduced after defendant had filed its opposition papers; however plaintiff conceded to the adjusted amount, and therefore, the Court will use $317,461.55 as the amount requested in the first motion for attorneys' fees and costs.

In addition, the parties have set forth their respective accounts of settlement efforts as to plaintiff's instant request.  Apparently, the parties attempted to resolve the supplemental fee dispute towards the end of February 2004 right before plaintiff filed the instant motion.  *See* Certification of Craig T. Moran, Exhs. C-H; Supplemental Declaration of Nicholas C. Harbist, Exh. A-E.  However, the Court will not – and indeed need not – consider these submissions for the purposes of the instant motion.

**II.     DISCUSSION**

In the instant petition, plaintiff is seeking "fees on fees" for time expended in seeking the initial fee award. At the outset, the Court notes, as both parties have pointed out, "[a] request for attorney's fees should not result in a second major litigation. Ideally, of course, litigants will settle the amount of a fee." *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983). However, here, the parties have been unable to resolve the matter and thus this Court must determine the amount of any supplemental fees and costs to which plaintiff is entitled. In addition, "the district court has discretion in determining the amount of a fee award." *Id.*

In the context of fee-shifting statutes, including the False Claims Act, time spent by attorneys seeking an award of fees "may be included in the application and the award." *United States ex rel. Doe I v. Pennsylvania Blue Shield*, 54 F. Supp. 2d 410, 414 (M.D. Pa. 1999) (citing *Polselli v. Nationwide Mut. Fire Ins. Co.*, 126 F.3d 524, 537 (3d Cir. 1997)).[3]

This Court, in its January 16, 2004 Memorandum Opinion, stated, in part:

> The party seeking a fee award has the burden of proving that the request is reasonable and supported by evidence. *Rode v. Dellarciprete*, 892 F.2d 1177, 1183 (3d Cir. 1990). The party opposing the award has the burden of challenging the reasonableness of the fee requested "by affidavit or brief sufficiently specific to give the applicant notice of the challenge." *United States ex rel. John Doe I v. Pennsylvania Blue Shield*, 54 F. Supp. 2d 410, 414 (M.D.Pa. 1999) (citations omitted).
> The district court may exclude hours that are not reasonably expended, i.e. hours that are "excessive, redundant, or otherwise unnecessary." *Rode*, 892 F.2d at 1183 (citing *Hensley*, 461 U.S. at 433).

---

[3]Defendant, without offering any authority in support, contends that plaintiff has waived his right to seek supplemental fees. Although plaintiff's request for supplemental fees was not included in the initial application for fees, by amendment or otherwise, the Court is not persuaded that any waiver precludes plaintiff's instant request.

In addition to the "fees on fees," plaintiff is seeking what defendant has aptly referred to as "fees on fees on fees." In other words, in addition to the fees associated with the initial fee petition, plaintiff seeks the payment of fees and costs incurred in connection with the instant request for supplemental fees. To the extent plaintiff seeks fees associated with the preparation of the instant fee petition, the Court will exclude any fees related to such efforts because, in light of the initial fee award and supplemental request, the Court finds these hours to have not been reasonably expended; and thus, the award of fees for such hours would be excessive. Therefore, the Court will disregard the revised request for $61,143.81 and determine the reasonableness of plaintiff's request for $53,052.31 in supplemental fees and costs.

First, plaintiff's request includes $2,434.50 in attorneys' fees for time spent by Nicholas C. Harbist and Sara A. Shubert on February 24 and 25, 2004. Pl. Brief, p. 4. Because these fees have been incurred in connection with the instant application for supplemental fees - beyond the accepted "fees on fees," the Court will not include that amount in the award of supplemental attorneys' fees. Again, the Court finds that these hours have not been reasonably expended in light of the fees already awarded for the *qui tam* settlement and total amount of time spent on the litigation of the requests for attorneys' fees.

Upon review of Blank Rome's billing records, the sum of $32,275.00 in attorneys' fees represents approximately 125 hours of billable time. *See* Declaration of Nicholas C. Harbist ("Harbist Decl."), Exh. B. Defendant objects to a portion of the hours included in the instant motion because the fees for that time were purportedly included in plaintiff's initial request for attorneys' fees. Def. Brief, pp. 6-8. However, defendant has failed to substantiate his objection

4

to the hours it contends were included in the previous motion for attorneys' fees.  Thus, the Court does not find that plaintiff has already been compensated for any of the hours included in the instant petition.  Moreover, the initial motion for attorneys' fees included hours spent prior to September 1, 2003 whereas the instant motion seeks fees for time spent on or after such date.

Additionally, defendant contends that this Court should allow attorneys' fees for a total of 20 hours as a reasonable amount of time to spend on the preparation of a fee petition.  Def. Brief, p. 7 (citing *United States ex rel. Doe I v. Pennsylvania Blue Shield*, 54 F. Supp. 2d 410, 419-20 (M.D. Pa. 1999).  In that case, plaintiff had requested fees for 168.90 hours in researching and preparing the fee petition.  Since September 1, 2003, plaintiff's counsel has spent about 125 hours of billable time on the fee petition and follow-up.  These hours are in addition to any time spent on the fee petition on or before August 31, 2003.

The Court notes that the request for attorneys' fees in this case has been rather complex.  The first motion for attorneys' fees was heavily briefed, included several certifications and exhibits, involved the fees of multiple law firms, and included approximately four years worth of billing records and time summaries.  The Court held oral argument on the motion as the parties had raised substantive legal issues well beyond the reasonableness of the hours spent and rates charged.  Thus, in light of the complicated nature of the attorneys' fees matter in this case, the Court finds that the time spent by Blank Rome attorneys and legal personnel was reasonable and therefore will not deduct any time from that listed in the billing summary.  Additionally, the Court finds that the hourly rates charged by Blank Rome attorneys and other personnel are

reasonable. Accordingly, the Court will award the full amount of Blank Rome's attorneys' fees ($32,275.00) for time spent on fees for fees from September 1, 2003 through February 23, 2004.[4]

Plaintiff has requested costs in the amount of $5,882.81 and has submitted supporting documentation. Harbist Decl., Exh. B. Defendant does not specifically contest the amount of costs sought by plaintiff, but rather recalculates the fee award based upon the sum of the attorneys' fees and costs. Thus, the total amount of costs payable to plaintiff is $5,882.81.

Plaintiff submits that Peter Van Schaick's reasonable hours totalled 35.6 after deducting 3.7 hours for duplicative time. Declaration of Peter Van Schaick, Exh. A. Upon review of Mr. Van Schaick's billing summary, the Court finds that 2.3 hours of the 39.3 hours of billable time were spent on "Phone discussion[s] with Harbist. . . ." In addition, 18.9 hours of Mr. Van Schaick's time were spent on tasks which involved discussions with Mr. Harbist, however no time is specifically allotted to those discussions. Thus, the Court will subtract one-third of those hours from Mr. Van Schaick's total billable time. Accordingly, Mr. Van Schaick's billable hours

---

[4]The Court notes that a portion of this award may include time spent on efforts relating to the instant motion for supplemental fees. However, upon review of Blank Rome's billing records, the Court is satisfied that the exclusion of $10,526.00 for time clearly spent on "fees on fees on fees" sufficiently addresses any concern as to plaintiff receiving *ad infinitum* fees.
Defendant also suggests that this Court should reduce the reasonable fees in proportion to plaintiff's success on the initial fee petition. Def. Brief, p. 11 (citing *Thompson v. Gomez*, 45 F.3d 1365, 1368 (9th Cir. 1995) (affirming District Court's reduction of plaintiff's "fee on fee" award based upon proportionate success of initial fee petition)). Plaintiff argues that no reduction should be made because the initial fee award allowed the full amount of Blank Rome's fees (Mem. Op., p. 8) and thus, the Court should allow the full amount of Blank Rome's supplemental fees. While defendant's position is not without merit, the Court finds that the adjustments made to Blank Rome's fees, i.e. the exclusion of fees clearly attributable to the request for supplemental fees, is sufficient. Therefore, the Court will make no further adjustment to Blank Rome's attorneys' fees and plaintiff shall be entitled to the amount requested in his moving brief on this motion.

will be reduced by 8.6 hours to account for duplicative time; thus the reasonable hours spent on fees for fees by Mr. Van Schaick is 30.7 hours.  After multiplying the reasonable number of hours by the reasonable hourly rate of $350, plaintiff shall receive $10,745.00 instead of the requested $12,460.00 for Mr. Van Schaick's attorney's fees.

Thus, the total amount of reasonable attorneys' fees is $43,020.00 for work performed by Mr. Van Schaick and the Blank Rome law firm.

### III. CONCLUSION

For the reasons set forth above, plaintiff's motion is denied in part and granted in part.

An appropriate form of Order is filed herewith.

s/ Garrett E. Brown, Jr.
GARRETT E. BROWN, JR., U.S.D.J.
